2007 BNH 033
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                  Bk. No. 07-10934-JMD
                                                                        Chapter 13
Lawrence R. Jones,
         Debtor


*Raymond J. DiLucci, Esq.*
*Raymond J. DiLucci, P.A.*
*Concord, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Manchester, New Hampshire*
*Chapter 13 Trustee*


## MEMORANDUM OPINION

### I.  INTRODUCTION

Lawrence P. Sumski, the chapter 13 trustee (the "Trustee"), objects to confirmation of the Debtor's chapter 13 plan (the "Plan") on the grounds that the Plan fails to comply with 11 U.S.C. § 1325(b)(1)(B),[1] in that it does not provide that "all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." The Debtor counters that he need not comply with § 1325(b)(1)(B) as his plan complies with § 1325(b)(1)(A) as the "value of the property to be distributed under the plan on account of [all

---

[1] Unless otherwise indicated, in this opinion, the terms "Bankruptcy Code," "section" and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, effective in cases commenced on or after October 17, 2005.

unsecured] claim[s] is not less than the amount of such claim[s]."  After notice and a hearing, the Court took the confirmation of the Debtor's chapter 13 plan and the Trustee's objection under advisement.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  FACTS

The material facts involved in the objection are not in dispute.  Upon filing bankruptcy, the Debtor completed Schedule I - Current Income of Individual Debtor(s), Schedule J - Current Expenditures of Individual Debtor(s), and Form 22C - Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.  Schedule J shows the Debtor has monthly net income of $1,298.24.  Form 22C shows that the Debtor is an "above median" debtor, i.e., a debtor whose current monthly income is above the applicable state median income for the debtor's household size, and therefore the Debtor's disposable income is determined under § 1325(b)(2) and (3).  The calculations in Form 22C shows that the Debtor's monthly disposable income for purposes of § 1325(b)(2) is $3,299.02.  In the Plan, the Debtor proposes to make monthly plan payments of $941.00 over a term of sixty months.  Such plan payments are sufficient to pay the claims of all of the Debtor's unsecured creditors in full, but are substantially less than the Debtor's monthly disposable income.

**III. DISCUSSION**

The Trustee objects to confirmation of the Plan because he believes the Plan should provide for payment of $3,299.02 per month until the claims of the Debtor's creditors are paid in full, which will be sooner than the five year commitment period, as $3,299.02 is the Debtor's disposable income under § 1325(b)(2).  The Trustee contends that the provisions of § 1325(b)(2) and (b)(3) preclude confirmation of a chapter 13 plan for an above median debtor when the plan payments are less than monthly disposable income.  In addition, the Trustee argues that paying the higher disposable income amount would protect creditors against the time value of deferring their payment, the possibility of ultimate plan failure, and is consistent with the policies behind the revisions to § 1325(b).  The Debtor disagrees and argues that the Bankruptcy Code contains no such requirements.

Prior to the enactment of BAPCPA, the Bankruptcy Code provided that, if a chapter 13 trustee or the holder of an allowed unsecured claim objected to confirmation of the plan, the plan could not be confirmed unless the debtor proposed to pay into the plan all of the debtor's "disposable income" for a period of three years or until all allowed unsecured claims were paid in full, whichever was earlier.  11 U.S.C. § 1325(b) (as in effect prior to the adoption of BAPCPA); 8 Collier on Bankruptcy ¶ 1325.08[1] (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed. 2007).  "Disposable income" was defined as income not reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor were engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.  Collier ¶ 1325.08[1].

Section 1325(b) was substantially amended by BAPCPA in an attempt to create a bright line test to determine whether a debtor is committing all disposable income to fund the debtor's

3

plan. Id. Section 1325(b)(2) was amended to alter the method of determining a debtor's income and a new § 1325(b)(3) was added to require above median debtors to calculate their reasonably necessary expenses using the means test formula in § 707(b)(2)(A) and (B). Id. ¶ 1325.08[5][c][i]. However, § 1325(b)(1) was only slightly changed and § 1325(b)(1)(A) was not amended at all. Section 1325(b)(1) presently provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–
>
> > (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> >
> > (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1) (emphasis added). As written, § 1325(b)(1) requires compliance with either subsection (A) or (B), but not both. Thus, a trustee's objection under § 1325(b)(1) should be denied if a debtor's plan provides for payment of all allowed unsecured claims in full as permitted by § 1325(b)(1)(A) regardless of whether the plan provides for the debtor to pay all of his projected disposable income during each month of the plan. Section 1325(b)(1)(A) does not require payment of the present value of such claims. Collier ¶ 1325.08[3]. Because the Debtor and the Trustee agreed at the hearing that the Debtor's plan provides for payment of all unsecured claims in full during the term of the plan, the Trustee's objection shall be overruled.

**IV. CONCLUSION**

For the reasons set forth above, the Trustee's objection under § 1325(b)(1) shall be overruled, and the Court shall confirm the Debtor's plan. This opinion constitutes the Court's

4

findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date:   September 7, 2007                            /s/ J. Michael Deasy
                                                                        J. Michael Deasy
                                                                        Bankruptcy Judge

5